IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MIQHUEIL WHIGHAM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:24-cv-493-RAH-CSC |
| HOUSTON COUNTY JAIL, | ) ) ) |
| Defendant. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate confined at the Houston County Jail in Dothan, Alabama, initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 2). Thereafter by Order, the court directed Plaintiff to file by August 23, 2024, the $405.00 fee or an affidavit in support of a motion for leave to proceed *in forma pauperis*. (Doc. 3 at p. 1). The Order cautioned Plaintiff "that if he fails to comply with this Order the Magistrate Judge will recommend this case be dismissed." *Id.* at p. 2.

Despite such instruction and admonition, and despite a deadline of August 23, 2024, Plaintiff still has not provided the court with a motion for IFP, nor alternatively, has he paid the required fees. The court views such a failure as demonstrating Plaintiff's lack of interest in the continued prosecution of this action, which cannot proceed absent Plaintiff's participation. Under the circumstances presented where Plaintiff has willfully failed to comply with the court's directives, the undersigned finds that any lesser sanctions than dismissal would not be appropriate. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that dismissal for failure to obey a court order generally is not an abuse of discretion where a litigant has been forewarned); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding

1

and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket. ... The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice."). Accordingly, the Magistrate Judge hereby **RECOMMENDS** that this action be dismissed without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed by **October 2, 2024**. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 18th day of September 2024.

\s\ Charles S. Coody
**UNITED STATES MAGISTRATE JUDGE**